


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>Steven GIFFIN,<br>Jonathan Brent SALTER,<br>Alejandro MARTINEZ Sanchez.<br><br>　　　　　　Defendants. | Magistrate Docket No.  **24MJ1320**<br><br>COMPLAINT FOR VIOLATION OF:<br>Title 8, U.S.C. § 1324(a)(2)(B)(ii)<br>Attempted Bringing in Aliens for<br>Financial Gain; Title 18, U.S.C., Sec-2<br>Aiding and Abetting;<br><br>Title 8, USC § 1326 Attempted Entry<br>After Deportation |

The undersigned complainant, being duly sworn, states:

COUNT ONE

On or about April 3, 2024, outside the jurisdiction of any particular district, defendants Steven GIFFIN and Jonathan Brent SALTER, who were first brought to the Southern District of California, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that certain aliens, namely, Mihail Gabriel ENASOAEI, Marcelina JUAREZ Resendiz, Ignacio JUAREZ-Martinez, Gersain MARTINEZ Reyes and Alfredo SANCHEZ Sanchez, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said aliens for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18 United States Code, Section 2.

## COUNT TWO

On or about April 3, 2024, within the Southern District of California and elsewhere, defendant Alejandro MARTINEZ Sanchez, an alien, who previously had been excluded, deported and removed from the United States, attempted to enter the United States with the purpose, i.e. conscious desire, to enter the United States at or near San Diego, CA, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James T. Burns
Border Patrol
Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON APRIL 4, 2024.

HON. VALERIE E. TORRES
United States Magistrate Judge

**CONTINUATION OF COMPLAINT:**
**Jonathan Brent SALTER,**
**Steven GIFFIN, Alejandro MARTINEZ Sanchez**

### PROBABLE CAUSE STATEMENT

The complainant states that Mihail Gabriel ENASOAEI, Marcelina JUAREZ Resendiz, Ignacio JUAREZ-Martinez, Gersain MARTINEZ Reyes and Alfredo SANCHEZ Sanchez, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On April 3, 2024, Border Patrol Agent S. Fick was conducting her assigned duties in the Imperial Beach Border Patrol Station's area of responsibility. Agent Fick was wearing plain clothes with an Agency issued badge and operating in a Border Patrol issued unmarked vehicle, equipped with lights and siren.

At approximately 5:03 PM, United States Coast Guard Crewman C. Muha observed a fishing vessel traveling from Mexican territorial seas into United States territorial seas. Coast Guard inspected the vessel approximately five nautical miles southwest of Point Loma, California. Upon inspection of the vessel, two individuals were observed operating the vessel. The captain, later identified as, defendant, Steven GIFFIN, and the co-captain, later identified as, defendant, Jonathan Brent SALTER. GIFFIN stated there were only two individuals on board the vessel and they were fishing for tuna. Coast Guard Crewman Muha further observed fishing poles without reels and fishing rods not used for tuna fishing. Coast Guard Officers boarded the vessel to conduct a search. During boarding, SALTER was observed going in and out of the cabin, appearing to work on the engine. A search of the vessel revealed a total of 15 individuals on board. Coast Guard Crewman T. Kosner questioned SALTER if he was traveling from Mexico. SALTER stated they went down there to meet up with another vessel to pick up people. The vessel was then taken to the Coast Guard Station in San Diego, California.

At approximately 5:54 PM, the Joint Harbor Operations Center (JHOC) notified agents, via service radio, of the Coast Guard's possible smuggling encounter. JHOC advised agents of 15 individuals discovered on board the vessel and requested agents respond to the Coast Guard Station to assist. At approximately 7:05 PM, Agent Fick arrived at the Coast Guard Station and observed the vessel being driven into the dock by Coast Guard Officers. At approximately 7:18 PM, Agent Fick conducted an immigration inspection of the 15 individuals, to include GIFFIN, SALTER, defendant, Alejandro MARTINEZ Sanchez, and material witnesses, Mihail Gabriel ENASOAEI, Marcelina JUAREZ Resendiz, Ignacio JUAREZ-Martinez, Gersain MARTINEZ Reyes and Alfredo SANCHEZ Sanchez. MARTINEZ, JUAREZ, and SANCHEZ admitted to

**CONTINUATION OF COMPLAINT:**
**Jonathan Brent SALTER,**
**Steven GIFFIN, Alejandro MARTINEZ Sanchez**

being Mexican citizens. ENASOAEI admitted to being a citizen of Romania. MARTINEZ, JUAREZ, SANCHEZ, and ENASOAEI each admitted they did not possess proper documentation to enter or remain in the United States legally. At approximately 7:18 PM, Agent Fick placed all 15 individuals, to include GIFFIN, SALTER, MARTINEZ, ENASOAEI, JUAREZ, JUAREZ-Martinez, MARTINEZ Reyes and SANCHEZ under arrest.

On the above date, material witnesses, Mihail Gabriel ENASOAEI, Marcelina JUAREZ Resendiz, and Alfredo SANCHEZ-Sanchez, stated they are citizens of a country other than the United States without any immigration documents allowing them to enter or remain in the United States legally. ENASOAEI, JUAREZ, and SANCHEZ stated they made smuggling arrangements individually or through family prior to entering the United States. ENASOAEI, JUAREZ, and SANCHEZ stated they were going to pay approximately $1,000 to $13,000 USD if successfully smuggled into the United States. JUAREZ stated she was taken to a beach where the group was taken to sea on a small boat. JUAREZ stated she boarded a larger boat out at sea and was greeted by two Caucasian males. JUAREZ described one male as being older with white hair and the other as a younger male with tattoos including a sword on his neck. SANCHEZ stated they boarded the small boat in Rosarito, Mexico. JUAREZ stated they were instructed to hide in the engine compartment. JUAREZ and SANCHEZ stated they were intercepted by the United States Coast Guard. ENASOAEI and SANCHEZ were shown photo line-ups, consisting of six individuals labeled 1-6, and were able to identify Jonathan Brent SALTER, who was determined to be the Co-Captain of the vessel in this event. JUAREZ was shown a photo line-up of six individuals and positively identified Steven Paul GIFFIN and Jonathan Brent SALTER as the two subjects operating and navigating the boat.

Defendant Alejandro MARTINEZ Sanchez was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant stated that he is a citizen of Mexico illegally present in the United States. The defendant admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally. The defendant stated that he illegally entered the United States on April 03, 2024 with an intended destination of Escondido, California.

Routine record checks of the defendant revealed a criminal and immigration history. A comparison of the defendant's criminal record and current fingerprints were used to determine the defendant's record. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on September 30, 2020, through San

**CONTINUATION OF COMPLAINT:**
**Jonathan Brent SALTER,**
**Steven GIFFIN, Alejandro MARTINEZ Sanchez**

Ysidro, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.